97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard M. CANON, Defendant-Appellant.
 No. 95-10463.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1996.*
Decided Sept. 26, 1996.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and GONZALEZ, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Richard M. Canon appeals his guilty plea conviction, pursuant to 28 U.S.C. § 924(c), for "us[ing] or carr[ying]" a firearm "during and in relation to" his attempt to possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.
 
 
 4
 In his opening brief, Canon argues that his conviction should be reversed because he was not "using" the firearm in question. The government concedes that Canon was not "using" the firearm as that term was recently defined in Bailey v. United States, 116 S.Ct. 501 (1995). The government argues, however, that Canon was "carrying" the firearm so Canon's conviction for "using or carrying" the firearm should be upheld.
 
 
 5
 In his reply brief, Canon argues for the first time that he was not "carrying" the firearm. We note that "[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990) (citations omitted). In some cases, however, we will "consider the issue [if] the appellee has not been misled and the issue has been fully explored." Id. (citation omitted).
 
 
 6
 Whether it was waived or was not, Canon's argument that he was not "carrying" the firearm "during and in relation to" his drug trafficking crime fails. First, transporting a loaded firearm within arms reach on the back seat of an automobile clearly constitutes "carrying" the firearm. See United States v. Staples, No. 95-30274, slip op. 7747, 7754 (9th Cir. June 28, 1996) (transporting firearm within automobile constitutes "carrying" if "within reach and immediately available for use"). Second, Canon admitted in his plea agreement that he transported the firearm in his automobile "in relation to" the methamphetamine purchase. Finally, despite the fact that Canon left his automobile to purchase the drugs, he carried the firearm "during" his crime because his attempt to possess the methamphetamine began before the final exchange occurred. See United States v. Davis, 960 F.2d 820, 826-27 (9th Cir.) (defendant took substantial step in crime of possessing with intent to distribute by appearing at meeting with purchase money), cert. denied, 506 U.S. 873 (1992).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3